UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>287E AVENUE LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-02840-EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER BRIEF**<br><br>Docket No. 80 |

On February 21, 2019, the parties filed a joint discovery letter raising disputes regarding Defendant Godwin Ona's responses to one interrogatory and one category of documents requested by Relator. Docket No. 80 ("Ltr."). The interrogatory asked Defendant to provide the account numbers of each account at Wells Fargo in which he deposited funds paid to him by Relator. *Id.* at 1–2. The document request was for rent ledgers for Relator's tenancy. *Id.* at 2. The parties ask the Court to address the following issues:

(1) whether Defendant should be sanctioned for failing to produce rent ledgers for Relator's tenancy prior to 2017,

(2) whether Defendant should be sanctioned for failing to divulge his account number(s) for his account(s) into which he deposited funds paid by Relator,

(3) whether Defendant is ordered to divulge such account number(s),

(4) whether parties are ordered to enter into a protective order to protect the privacy of Defendant's account number(s); and

(5) if the Court should impose sanctions on Relator for prematurely requesting Court intervention for the instant discovery dispute.

*Id.* at 4.

Relator's request for an order directing Defendant to produce the Wells Fargo account numbers is **GRANTED**. Relator served a subpoena on Wells Fargo for bank statements and money order images relating to Defendant's deposits, *see id.* at 2, which are relevant to Relator's claims that Defendant charged Relator, via money order, rent payments in excess of the amount authorized by law. However, Wells Fargo indicated that it "would not be able to comply with the subpoena without the account number(s) for the account(s) in question." *Id.* at 3. Moreover, Relator represents that Wells Fargo "only keeps customers' bank records for seven years." *Id.* at 2. Defendant's alleged unlawful conduct dates back to 2011, so any further delay in producing the account numbers could make it impossible for Relator to obtain the relevant records. Defendant suggests that Relator may have alternative means of obtaining evidence of the rent payments, "such as her own testimony" or "taking Defendant's deposition." *Id.* at 4. This argument is unpersuasive, because such evidence may not have the probative weight of contemporaneous payment records. Defendant also protests that his bank account information is private, but Relator states she is willing to agree to a protective order to preserve the confidentiality of the information. *See id.* at 3.

Accordingly, Defendant is **ORDERED** to produce the responsive account numbers to Relator's counsel within one week of this Order, and under Federal Rule of Civil Procedure 26(c) the Court finds good cause to **ISSUE** a protective order herein: the account numbers are to be disclosed only to Relator's counsel and the Wells Fargo subpoena processing department and for no other purposes absent further order.

Relator's request for an order directing Defendant to produce his rent ledgers for the entire duration of Relator's tenancy is **DENIED** as premature. Defendant has produced rent ledgers for 2017 through 2018, and represents that he is still "in the process of determining the existence of any older ledgers," and is willing to continue to meet and confer regarding this issue. *Id.* at 2. Accordingly, the parties shall continue to meet and confer regarding Defendant's production of the remaining rent ledgers. The Court notes, however, that Relator's document request was served in September 2018, and Defendant has not explained why it has taken more than five months to ascertain whether he has the responsive ledgers. Should Defendant fail to respond adequately

1  within a reasonable time, Relator may renew her request to this Court to order Defendant's
2  compliance.
3  Each party's request for sanctions against the other is **DENIED**.
4  This Order disposes of Docket No. 80.

6  **IT IS SO ORDERED**.

8  Dated: February 22, 2019

_____
EDWARD M. CHEN
United States District Judge